25-952-cv
*Vitsaxaki v. Skaneateles Central School District*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand twenty-six.

**PRESENT:**
> **ROBERT D. SACK**
> **BETH ROBINSON,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

JENNIFER VITSAXAKI,

> *Plaintiff-Appellant,*

v.                                                                              No. 25-952

SKANEATELES CENTRAL SCHOOL DISTRICT,
SKANEATELES CENTRAL SCHOOLS' BOARD OF
EDUCATION,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:

VINCENT M. WAGNER (Laurence J. Wilkinson, John J. Bursch, Katherine L. Anderson, David A. Cortman, Raymond J. Dague, *on the brief*), Alliance Defending Freedom, Lansdowne, VA.

FOR DEFENDANTS-APPELLEES:

JEREMY M. SHER, Bond, Schoeneck & King, PLLC, Rochester, NY.

AMICUS CURIAE IN SUPPORT OF PLAINTIFF-APPELLANT:

Jeffrey C. Mateer, Keisha T. Russell, Tiffany D. Dunkin, First Liberty Institute, Plano, TX, *for Amicus Curiae* Abigail Martinez.

J. Marc Wheat, Timothy Harper, Advancing American Freedom, Inc., Washington, D.C., *for Amicus Curiae* Advancing American Freedom, Inc.; AFA Action, Inc.; American Association of Senior Citizens; American Encore; American Values; Delegate Lauren Arikan, Maryland District 7B; Arizona Women of Action; Association of Christian Schools International; Association of Mature American Citizens; E.

2

Calvin Beisner, Ph.D., Memphis, Tennessee; Center for Political Renewal (CPR); Center for Urban Renewal and Education (CURE); Delegate Brian Chisholm, Maryland District 31; Christian Law Association; Christian Medical & Dental Associations; Coalition for Jewish Values; Eagle Forum; Eagle Forum of Georgia; Family Institute of Connecticut Action; Frontline Policy Council; Idaho Freedom Foundation; Independent Women's Law Center; Intercessors for America; International Conference of Evangelical Chaplain Endorsers; James Dobson Family Institute; JCCWatch.org; Tim Jones, Former Speaker, Missouri House, Chairman, Missouri Center-Right Coalition; Lutheran Center for Religious Liberty; Men and Women for a Representative Democracy in America, Inc.; Moms for Liberty; National Apostolic Christian Leadership Conference; National Association of Parents (d/b/a "ParentsUSA"); National

Center for Public Policy Research; National Religious Broadcasters; Delegate Ryan Nawrocki, Maryland District 7A, MDFC Whip; New Jersey Family Policy Center; New York State Conservative Party; New Mexico Family Action Movement; Noah Webster Educational Foundation; North Carolina Values Coalition; Pennsylvania Eagle Forum; John Shadegg, Member of Congress, 1995-2010; 60 Plus Association; Paul Stam, Former Speaker Pro Tempore, North Carolina House; Stand for Georgia Values Action; Students for Life of America; Delegate Kathy Szeliga, Maryland District 7A, MDFC Vice Chair; The Justice Foundation; Tradition, Family, Property, Inc.; Bob Vander Plaats, President/CEO, The FAMiLY LEADER; The Honorable David Weldon, M.D.; Women for Democracy in America, Inc.; Yankee Institute; Young America's Foundation; and Young Conservatives of Texas.

Gene C. Schaerr, Edward H.

Trent, Justin A. Miller, Schaerr Jaffe LLP, Washington, D.C., *for Amicus Curiae* The American College of Pediatricians.

Mary E. McAlister, Vernadette R. Broyles, Child & Parental Rights Campaign, Inc., Norcross, GA, *for Amicus Curiae* Child & Parental Rights Campaign, Inc.

Christopher Mills, Spero Law LLC, Charleston, SC, *for Amicus Curiae* Defending Education.

Cameron T. Norris, Tiffany H. Bates, Consovoy McCarthy PLLC, Arlington, VA, *for Amicus Curiae* Do No Harm, Inc.

Luke N. Berg, Wisconsin Institute for Law & Liberty, Milwaukee, WI; Emily Rae, Liberty Justice Center, Austin, TX, *for Amicus Curiae* Dr. Erica E. Anderson, PhD.

Randall L. Wenger, Lauren L. Hackett, Independence Law Center, Harrisburg, PA, *for*

*Amicus Curiae* Family Policy Alliance; Alabama Policy Institute; Alaska Family Council; Arkansas Family Council; Center for Arizona Policy; California Family Council; Delaware Family Policy Council; Florida Family Voice; Indiana Family Institute; The Family Leader (Iowa); Kansas Family Voice; The Family Foundation (Kentucky); Louisiana Family Forum; Maine Christian Civic League; Maryland Family Institute; Massachusetts Family Institute; Michigan Family Forum; Minnesota Family Council; Montana Family Foundation; Nebraska Family Alliance; Cornerstone Action (New Hampshire); New Jersey Family Policy Center; New Mexico Family Action Movement; New York Families Foundation; North Carolina Family Policy Council; North Dakota Family Alliance; Center for Christian Virtue (Ohio); Oklahoma Council of Public Affairs; Pennsylvania Family Institute; Rhode Island Family Institute; Palmetto Family Council

6

(South Carolina); South Dakota Family Voice; Texas Values; The Family Foundation (Virginia); Family Policy Institute of Washington; and Protect Kids Colorado.

Talmadge Butts, Foundation for Moral Law, Gallant, AL, *for Amicus Curiae* Foundation for Moral Law.

Kevin T. Snider, Pacific Justice Institute, Sacramento, CA, *for Amicus Curiae* Hawaii Family Forum; Illinois Family Institute; Wisconsin Family Action; Ethics and Religious Liberty Commission of the Southern Baptist Convention; Concerned Women for America; Pacific Justice Institute; and the National Legal Foundation.

Christian B. Corrigan, *on behalf of* Austin Knudsen, Montana Attorney General, Helena, MT; Anna St. John, Joseph S. St. John, St. John Law LLC, New Orleans, LA, *for Amicus Curiae* Montana; Alabama; Alaska; Arkansas; Florida; Georgia; Idaho; Indiana; Kansas;

7

Mississippi; Missouri; Louisiana; Nebraska; North Dakota; Ohio; Oklahoma; South Carolina; South Dakota; Texas; Utah; Virginia; West Virginia; and the Arizona Legislature.

Deborah J. Dewart, Hubert, NC, *for Amicus Curiae* NC Values Institute; and Liberty, Life, and Law Foundation.

Eric N. Kniffin, Ethics & Public Policy Center, Washington, D.C., *for Amicus Curiae* Our Duty.

Denise M. Harle, Shutts & Bowen LLP, Tallahassee, FL; Alyssa L. Cory, Shutts & Bowen LLP, Tampa, FL, *for Amicus Curiae* Religious Freedom Institute.

AMICUS CURIAE IN SUPPORT OF DEFENDANTS-APPELLEES:

Anya Marino, Advocates for Trans Equality Education Fund, New York, NY, *for Amicus Curiae* Advocates for Trans Equality Education Fund; Delaware County Pride; Gay & Lesbian Youth Services of Western New York; Pride

Center of Western New York; Transgender Law Center; and Volunteer Lawyers Project of CNY, Inc.

Samuel T. Grover, Samantha F. Lawrence, Freedom from Religion Foundation, Inc., Madison, WI, *for Amicus Curiae* Secular Student Alliance.

Kartik Naram, Barbara D. Underwood, Judith N. Vale, *on behalf of* Letitia James, Attorney General, State of New York, New York, NY; Rob Bonta, Attorney General, State of California, Sacramento, CA; Anne E. Lopez, Attorney General, State of Hawai'i, Honolulu, HI; Kwame Raoul, Attorney General, State of Illinois, Chicago, IL; Aaron M. Frey, Attorney General, State of Maine, Augusta, ME; Anthony G. Brown, Attorney General, State of Maryland, Baltimore, MD; Nicholas W. Brown, Attorney General, State of Washington, Olympia, WA; Andrea Joy Campbell, Attorney General, Commonwealth of Massachusetts, Boston, MA;

9

Keith Ellison, Attorney General, State of Minnesota, St. Paul, MN; Matthew J. Platkin, Attorney General, State of New Jersey, Trenton, NJ; Dan Rayfield, Attorney General, State of Oregon, Salem, OR; Charity R. Clark, Attorney General, State of Vermont, Montpelier, VT; Brian L. Schwalb, Attorney General, District of Columbia, Washington, D.C., *for Amicus Curiae* New York; California; Hawai'i; Illinois; Maine; Maryland; Massachusetts; Minnesota; New Jersey; Oregon; Vermont; Washington; and the District of Columbia.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and this matter is **REMANDED** for proceedings consistent with this order.

The mother of a public school student, Plaintiff-Appellant Jennifer Vitsaxaki sued Defendants-Appellees Skaneateles Central School District and Skaneateles Central Schools' Board of Education (collectively "the School District"), challenging their policy of using "the name and pronoun that corresponds to the gender identity the student consistently asserts at school," App'x 83, even when that name and pronoun is inconsistent with the student's name and pronouns assigned at birth, without requiring notification to the parent of the student's request ("the Policy"). Vitsaxaki sought declaratory relief and damages based on allegations that the policy violated procedural and substantive due process and her free exercise rights.

The district court granted the School District's motion to dismiss Vitsaxaki's claims. *See Vitsaxaki v. Skaneateles Central School District*, 771 F. Supp. 3d 106, 123 (N.D.N.Y. 2025). The court concluded that Vitsaxaki had failed to adequately allege a likelihood of future harm sufficient to support standing for declaratory relief; that she failed to allege that the challenged policy violated a fundamental right or imposed a substantial burden on her religious exercise such that strict scrutiny would apply, and the policy satisfied rational basis review; and that she

failed to allege a protected liberty interest that would implicate procedural due process protections.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of a motion to dismiss under Rules 12(b)(1) and 12(b)(6) without deference to the district court's reasoning.   *See Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022).   The inquiry for a Rule 12(b)(1) facial challenge to standing is whether the pleading "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue."   *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).[1]   Under Rule 12(b)(6), if, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff, the complaint fails to plausibly state a claim, then dismissal is warranted.   *See Marcus & Cinelli, LLP v. Aspen Am. Ins. Co.*, 158 F.4th 333, 340 (2d Cir. 2025); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While this appeal was pending, the United States Supreme Court issued a *per curiam* decision in *Mirabelli v. Bonta*.   146 S. Ct. 797 (2026).[2]   The parties agree

---

[1] In quotations from caselaw and the parties' briefing, this opinion omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

[2] The Supreme Court has since denied certiorari review of two recent Circuit decisions upholding

12

that this decision at least partially undermines the district court's reasoning as to the Free Exercise and Due Process issues.   For that reason, we vacate the district court's judgment for the School District with respect to Vitsaxaki's claims for damages, and we remand for the court to consider how *Mirabelli* may affect the analysis in the first instance.   *See Women's Health Services, Inc. v. Maher*, 636 F.2d 23 (2d Cir. 1980) (remanding for district court to consider effect of potentially controlling intervening decision of United States Supreme Court).

As to Vitsaxaki's claim for declaratory relief, she lacks standing because the requested relief is wholly retrospective and she has not pled any likelihood of future harm.   Her complaint seeks a declaration that "the School District's policy facially and as applied to Mrs. Vitsaxaki violates her First and Fourteenth Amendment rights under the United States Constitution."   App'x 47.   But the only instance of the Policy's application to Vitsaxaki and her child occurred in 2021, and Vitsaxaki has since enrolled her child in a private school and has not pled that she would re-enroll her child in Skaneateles public schools if the policy were changed.   Indeed, on appeal Vitsaxaki explicitly characterizes the

---

similar policies.   *Foote v. Ludlow School Committee*, No. 25-77, 2026 WL 1052101 (U.S. Apr. 20, 2026); *Littlejohn v. School Board of Leon County*, No. 25-259, 2026 WL 1127219 (U.S. Apr. 27, 2026).

declaratory relief sought as "retrospective." Appellant's Br. at 61. When it comes to claims for "injunctive and declaratory relief" specifically, it "is clear that the existence of an official policy, on its own, is not sufficient to confer standing to sue" absent a threatened injury pursuant to that policy that is "certainly impending, or there is a substantial risk that the harm will occur." *Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021). Because, on the pleadings before us, there is no likelihood that the child or Vitsaxaki would be subject to the Policy in the future, there is no likelihood of future harm to support standing to seek declaratory relief.

Vitsaxaki concedes that the relief she seeks is solely retrospective but attempts to rely on out-of-circuit caselaw to support the proposition that she can nevertheless seek "retrospective declaratory relief." *See Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019); *Crue v. Aiken*, 370 F.3d 668, 677 (7th Cir. 2004). This argument is foreclosed by binding Second Circuit precedent consistently holding that, in accordance with the Supreme Court's decision in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), "[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a

14

likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *see also Diei v. Boyd*, 116 F.4th 637, 643 (6th Cir. 2024) (explaining that language implying retroactive declaratory judgment in *Crue* "appears to be little more than an inartful description of the fact that a liability determination must accompany any damages award, not that such a declaration is available as a separate remedy").

Vitsaxaki also argues that *Mirabelli* alters this analysis, but that decision is inapposite. It is true that the parents' standing to seek a preliminary injunction was affirmed in that case, but the Court there focused on the scope of the injunction and whether it "provide[d] relief for all the parents of California public school students," or "only for those parents who object to the challenged policies or seek religious exemptions," lest the injunction also "grant relief to uninjured class members who lacked Article III standing." *Mirabelli*, 146 S. Ct. at 802–03. The Court determined that the scope of the injunction was appropriate because the parents were "objects of the challenged exclusion policies" such that they "very likely have standing." *Id*. Here, Vitsaxaki is no longer, and has not pled that she in the future will be, the object of the challenged policy. *Mirabelli* therefore

does not change the fact that Vitsaxaki lacks standing for her requested declaratory relief, and we affirm the district court's dismissal of Vitsaxaki's claim for declaratory relief.

For these reasons, we **AFFIRM** in part and **VACATE** in part the judgment of the district court, and this matter is **REMANDED** for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court